UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ANTHONY APPLEWHITE,
an individual,

    Plaintiff,

vs.

RIVERSOURCE LIFE INSURANCE
COMPANY,
a Minnesota corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANTHONY APPLEWHITE ("Mr. Applewhite" and/or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, RIVERSOURCE LIFE INSURANCE COMPANY ("RiverSource" and/or "Defendant"), and states as follows:

### JURISDICTION, PARTIES & VENUE

1. This is a civil action for breach of a disability insurance contract entered into by Defendant, RiverSource, with Plaintiff, Mr. Applewhite and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00 and is between citizens of different states.

2. At all times material hereto, the Plaintiff, Mr. Applewhite, has been a resident and citizen of the State of Florida, specifically of Palm Beach County, Florida.

3. At all times material hereto, Defendant, RiverSource, is a corporation whose principle place of business, state of incorporation, and residence is Minnesota.

1

4. Defendant is a foreign corporation registered and authorized to conduct business in the State of Florida, and conducts business in the State of Florida, specifically in Palm Beach County, Florida.

5. Mr. Applewhite has satisfied all conditions precedent to filing this law suit and/or the conditions precedent have been waived.

## Factual Background

6. Mr. Applewhite was the President of Waste Equipment Sales and Service LLC ("WES"), a business that deals in heavy equipment sales, which included handling, delivering, servicing and maintaining heavy equipment, meeting with clients and potential clients at job sites to determine their needs, procuring the equipment, and inspecting the equipment both prior to shipment and upon receipt.

7. On or about December 15, 2006, RiverSource issued to Mr. Applewhite disability insurance Contract: Policy Number 9100-7839796-5-004 ("the Policy"). A true and correct copy of this Contract is attached as Exhibit A.

8. The Contract: Policy Number 9100-7839796-5-004 contains the following relevant provisions:

> "***Total Disability***
> In the first five years of a Period of Disability, Total Disability means that because of Injury or Sickness, You are:
> 1. Unable to perform the material and substantial duties of Your Regular Occupation; and You are:
> 2. Under the regular and personal care of a licensed Physician other than Yourself. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You.
> 
> After the first five years of a Period of Disability, Total Disability means that because of Injury or Sickness, You are:
> 1. Unable to perform the material and substantial duties of Your Regular Occupation; and You are:
> 2. Not engaged in any other gainful occupation; and You are:

    3. Under the regular and personal care of a licensed Physician other than Yourself. We will waive this requirement if We receive written proof acceptable to Us that further Physician's care would be of no benefit to You.

***Regular Occupation***
The job or occupation in which You work on a full-time basis, or one from which You derive the majority of Your earned Income at the time You are Disabled

9. At all relevant times hereto, Mr. Applewhite paid the Premiums for the Policy.

10. Due to the effects following a second back surgery, Mr. Applewhite became unable to perform the substantial and material duties of his occupation and stopped working at WES on July 15, 2016.

11. Mr. Applewhite has remained under the recommended care of his physician appropriate for his disability.

12. After he stopped working on July 15, 2016, Mr. Applewhite applied for disability benefits under the Policy and timely submitted and completed all requested medical, financial, and employment information.

13. After an investigation, RiverSource determined that Mr. Applewhite was disabled under the terms of the Policy and as such paid his claim without issue for two and a half years.

14. Mr. Applewhite has remained disabled under the terms of the Policy from July 15, 2016 through and including the present.

15. On or about June 2018, RiverSource terminated monthly disability benefit payments to Mr. Applewhite under the Contract.

16. Mr. Applewhite timely provided all requested information supporting his continued disability and eligibility for benefits under the Contract.

17. In a letter dated January 25, 2019, RiverSource advised that monthly benefit payments under the Contract remained terminated and to date, said benefits have been withheld.

18. At all times material hereto, Mr. Applewhite has complied with all conditions precedent to entitle him to benefits under the Contract, however, Defendant has refused and continues to refuse to pay the monthly disability insurance benefits required under the Contract.

19. From July 2018 to the present date, Defendant has not provided Mr. Applewhite with disability benefits due to him under the Contract. RiverSource's decision to terminate and withhold benefits is without merit.

20. Throughout its evaluation of Mr. Applewhite's claim, Defendant ignored and refused to appropriately consider all relevant information submitted by Mr. Applewhite supporting his disability under the Contract.

21. On February 7, 2019 Mr. Applewhite filed a notice of intention to enforce his rights under Fla. Stat. § 624.155 ("Civil Remedy Notice"), to which Defendant responded in a letter dated February 19, 2019, continuing to deny that Mr. Applewhite is eligible for disability benefits under the Contract.

22. Defendant has been provided with, and is in possession of, sufficient proof that Mr. Applewhite is Totally Disabled under the Contract, but continues to refuse to pay the disability benefits owed under the Contract.

23. As a direct and proximate result of Defendant's actions, Mr. Applewhite has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiff, Mr. Applewhite, hereby adopts, re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 23, as though fully alleged forth herein, and further alleges:

25. Mr. Applewhite and RiverSource entered into an agreement under the Contract: Policy Number 9100-7839796-5-004, whereby in exchange for Premiums, RiverSource promised to pay Total Disability or Partial Disability benefits in the event Mr. Applewhite became Totally or Partially Disabled under the Contract.

26. Defendant's aforementioned denial of and refusal to make disability benefit payments under the Contract: Policy Number 9100-7839796-5-004 to Mr. Applewhite despite his disability under the Contract, constitutes a breach of the subject insurance Contract.

27. Defendant has breached the Contract by failing to provide Total or Partial Disability insurance benefits since June 2018.

28. Defendant has breached the subject Contract: Policy Number 9100-7839796-5-004, by imposing extra-contractual requirements to establish proof of loss and by applying an unreasonable interpretation of the Contract provisions thereby, asserting the Contract provides Mr. Applewhite with less contractual rights than he actually purchased.

29. Defendant has breached the subject Contract: Policy Number 9100-7839796-5-004, by failing to reasonably review the proof of loss submitted by Mr. Applewhite, by ignoring sufficient information establishing his ongoing disability, and failing to render a timely decision in this matter.

30. As a direct and proximate result of such breaches of Contract by RiverSource, Mr. Applewhite has sustained damages including, but not limited to, the loss of such past due Disability benefits.

## COUNT II:
## DECLARATORY JUDGMENT

31. Mr. Applewhite hereby adopts, re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 23 of this Complaint as though fully alleged herein, and further alleges:

32. This is an action for declaratory judgment and for any other necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02.

33. Mr. Applewhite has provided Defendant with ample and sufficient proof of loss, establishing his disability under the subject Contract: Policy Number 9100-7839796-5-004.

34. Defendant has ignored this information and refused to render a determination that Mr. Applewhite continues to be disabled under the terms of the subject Contract: Policy Number 9100-7839796-5-004.

35. Accordingly, an actual dispute between the parties exists as to Mr. Applewhite's right to disability benefits under the subject Contract: Policy Number 9100-7839796-5-004.

36. Mr. Applewhite is entitled to a declaration that Mr. Applewhite remained and remains disabled under the terms of the Contract and that Defendant is obligated to pay to Mr. Applewhite disability benefits under the subject Contract: Policy Number 9100-7839796-5-004.

**WHEREFORE**, the Plaintiff, Mr. Applewhite, prays that the following relief be granted to him:

A.   A determination that Defendant has breached the terms of the subject Contract: Policy Number 9100-7839796-5-004, and that Mr. Applewhite is entitled to continued disability benefits under same.

B.   Actual damages in excess of $75,000, as the court or jury may deem appropriate for the Defendant's breach of the insurance Contract: Policy Number 9100-7839796-5-004;

C.   All damages suffered by Mr. Applewhite as a result of Defendant's breach of the

insurance Contract: Policy Number 9100-7839796-5-004;

D. A sum in excess of $75,000, as the court or jury may deem appropriate for Defendants' breach of the insurance Contract: Policy Number 9100-7839796-5-004;

E. Attorney's fees (pursuant to Florida Statute § 627.428), interest, and costs to the extent allowed under the law; and/or

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Anthony Applewhite, by and through his undersigned counsel hereby demands trial by jury of all issues triable as a matter of right.

Dated: April 17, 2019                 Respectfully Submitted,

/s/ Alicia Paulino-Grisham
Alicia Paulino-Grisham
Florida Bar No.: 0676926
Email: alicia@dilawgroup.com
DI LAW GROUP
3201 West Commercial Blvd, Suite 227
Fort Lauderdale, Florida 33308
Telephone: (954) 989-9000
Facsimile: (954) 989-9999
Attorneys for Plaintiff Applewhite